JAMES McCANDLISH v. KIRKLAND et al.

If the vendor retain possession of the thing sold, it is liable to seizure for his debts.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Marr* and *Roberts*, for plaintiff.   *Elmore* and *King*, for defendants.

By the court:

DUNBAR, J.   *J. B. Kirkland*, the real defendant in this case, having a judgment against *J. F. A. Boyle*, took out an execution against him, and caused it to be levied on certain furniture found in a house rented and occupied by *Boyle*.

*James McCandlish*, the plaintiff in the present suit, enjoined the execution, claiming to be the owner of the furniture, under a sale from *Boyle*.

The defendant, in his answer, denies that the plaintiff is the owner of the property seized, and says that the sale to *McCandlish* was fraudulent and simulated.

We have carefully examined the evidence, and have come to the conclusion of the district judge, that, after the sale to *McCandlish*, the property sold remained in the possession of the vendor, and was, therefore, liable to seizure by his creditors. *Jordan* v. *Lewis et al.*, 1 Ann. 59.

The proof that the plaintiff produced of his good faith, and the reality of the sale, did not satisfy the district judge, nor can we say that it is satisfactory to us.

It is therefore ordered and decreed, that the judgment of the district court be affirmed, with costs.